JM:WMP/WES:CK
F.#2009R00374

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CHRISTOPHER FINAZZO and
DOUGLAS DEY,

             Defendants.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 15, U.S.C., § 78ff(a);
T. 18, U.S.C., §§ 371,
981(a)(1)(C), 982, 1341,
1343, 1952(a)(3), 1956(h),
2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

### INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

Aéropostale and Its Business

    1.    Aéropostale, Inc. ("Aéropostale") was a Delaware corporation with its principal place of business in New York, New York.  Since May 2002, Aéropostale has been a public company and its common stock was registered with the United States Securities and Exchange Commission ("SEC").

    2.    Aéropostale was a mall-based, specialty retailer of casual apparel and accessories that principally targeted teenagers.  Aéropostale's business included the designing, marketing and selling of apparel and accessories for young men

and young women. Aéropostale purchased apparel and accessories from various vendors.

The Defendants and Relevant Entities

3. The defendant CHRISTOPHER FINAZZO was employed by Aéropostale from July 1996 through November 2006. From 1996 to 1999, FINAZZO held the positions of Vice President and Divisional Merchandise Manager for Aéropostale's Men's Division. In 1999, FINAZZO was promoted to Senior Vice President and General Merchandise Manager. From February 2002 to his termination in November 2006, FINAZZO was Aéropostale's Executive Vice President and Chief Merchandising Officer. FINAZZO's responsibilities included, among other things, selecting vendors and merchandise and approving prices on merchandise purchased by Aéropostale from its vendors. From 1998 to 2006, FINAZZO received more than $14 million in compensation from Aéropostale.

4. The defendant DOUGLAS DEY controlled South Bay Apparel, Inc. ("South Bay"). DEY incorporated South Bay in New York in August 1996. South Bay was engaged in the business of selling clothing, specifically, t-shirts and fleeces. Its primary place of business was in Calverton, New York, and it maintained an office in New York City.

5. The defendant CHRISTOPHER FINAZZO controlled C & D Retail Consultants, Inc. ("C&D"). FINAZZO incorporated C&D in New York in June 1998.

2

## Relevant Regulatory Principles

6. As a public company, Aéropostale was required to comply with the rules and regulations of the SEC. The SEC's rules and regulations were adopted to protect the investing public by ensuring that investors received accurate information about securities offerings. These disclosure obligations were designed, in part, to prevent self-dealing by corporate managers at the expense of shareholders. Among other things, public companies were required to disclose: (i) management compensation; and (ii) transactions with "related persons," which included any director or officer of the company, or any immediate family member of a director or officer (hereinafter "Related Party Transactions").

## The Fraudulent Scheme

7. In or about and between August 1996 and November 2006, the defendants CHRISTOPHER FINAZZO, DOUGLAS DEY and others agreed that FINAZZO would cause Aéropostale to use South Bay as a vendor to purchase merchandise at rates that were less favorable to Aéropostale than the prevailing market rate. In exchange, DEY covertly paid FINAZZO approximately fifty percent of South Bay's profits through C&D and through various joint ventures. The defendants FINAZZO and DEY entered into this agreement without the knowledge or approval of Aéropostale.

3

8.    In order to conceal this scheme, the defendant CHRISTOPHER FINAZZO falsely denied and failed to disclose his agreement with the defendant DOUGLAS DEY and South Bay on numerous occasions when Aéropostale asked him to identify his Related Party Transactions.  FINAZZO's lies and material omissions prevented the SEC and Aéropostale's shareholders from learning the full extent of FINAZZO's compensation from the undisclosed Related Party Transactions.  As a result, Aéropostale's proxy statement on Schedule 14A, filed with the SEC on or about May 15, 2006, did not disclose FINAZZO's income from South Bay and falsely stated that there were no Related Party Transactions.

9.    Between August 1996 and November 2006, the defendant CHRISTOPHER FINAZZO caused Aéropostale to pay South Bay more than $350 million as payment for its merchandise.  Over the same period, DEY paid FINAZZO through bank transfers to C&D more than $14 million.

10.    As a further part of this scheme, in or about and between August 1996 and May 2010, the defendants CHRISTOPHER FINAZZO and DOUGLAS DEY transferred or caused to be transferred in excess of $13 million from South Bay's profits to three entities they jointly owned, namely, Vertical Line Apparel, Inc., Vertical Line Apparel II, Inc. and Vertical Line Apparel III, Inc. (collectively referred to as "Vertical Line").  FINAZZO and

4

DEY used the more than $13 million transferred from South Bay's bank account to the Vertical Line bank accounts to purchase various real estate properties.

COUNT ONE
(Conspiracy to Commit Mail Fraud and Wire Fraud,
and Conspiracy to Violate the Travel Act)

11.   The allegations contained in paragraphs 1 through 10 are realleged and incorporated as though fully set forth in this paragraph.

12.   In or about and between August 1996 and November 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER FINAZZO, DOUGLAS DEY and others, knowingly and intentionally conspired:

a.   to devise a scheme and artifice to defraud Aéropostale and others and to obtain money and property from Aéropostale and others by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice and attempting to do so, did cause to be delivered matters and things by the United Parcel Service, Inc. ("UPS") and other private and commercial interstate carriers, contrary to Title 18, United States Code, Section 1341;

b.   to devise a scheme and artifice to defraud Aéropostale and others and to obtain money and property from

5

Aéropostale and others by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343; and

c.   to travel in interstate commerce and to use the mail and facilities of interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, specifically, Commercial Bribe Receiving in the Second Degree, contrary to New York Penal Law Sections 180.05 and 20.00, and Commercial Bribing in the Second Degree, contrary to New York Penal Law Sections 180.00 and 20.00, and thereafter to perform and attempt to perform acts to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3).

13.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER FINAZZO and DOUGLAS DEY committed and caused to be committed, among others, the following:

6

OVERT ACTS

a.   On or about August 19, 1996, DEY formed and incorporated South Bay.

b.   On or about June 26, 1998, FINAZZO formed and incorporated C&D.

c.   On or about June 9, 2005, FINAZZO caused Aéropostale to wire transfer $1,966,548.37 from its Citibank account in Wayne, New Jersey to South Bay's North Fork Bank account in Southold, New York.

d-q. FINAZZO caused Aéropostale to mail various payments from Aéropostale's office located in Wayne, New Jersey to South Bay located in Calverton, New York, as described below in paragraph 16, with each mailing constituting a separate overt act.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNTS TWO THROUGH FIFTEEN
(Mail Fraud)

14.   The allegations contained in paragraphs 1 through 10 are realleged and incorporated as though fully set forth in this paragraph.

15.   In or about and between August 1996 and November 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER FINAZZO, DOUGLAS DEY and others, knowingly and

7

intentionally devised a scheme and artifice to defraud
Aéropostale and others and to obtain money and property from
Aéropostale and others by means of materially false and
fraudulent pretenses, representations and promises.

16.   On or about the dates set forth below, for the
purpose of executing such scheme and artifice, the defendants
CHRISTOPHER FINAZZO, DOUGLAS DEY and others, did cause to be
delivered by UPS, according to the directions thereon, the
following matters and things:

| COUNT | APPROXIMATE DATE OF MAILING | CHECK MAILED FROM | CHECK MAILED TO | AMOUNT OF MAILED CHECK |
|---|---|---|---|---|
| TWO | July 7, 2005 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $2,143,935.45 |
| THREE | August 17, 2005 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $2,659,829.66 |
| FOUR | September 14, 2005 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $3,701,649.29 |
| FIVE | December 28, 2005 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $4,729,514.15 |
| SIX | January 12, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $4,397,421.01 |
| SEVEN | January 25, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $3,014,111.20 |
| EIGHT | February 15, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $2,215,253.72 |
| NINE | April 5, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $2,197,798.20 |
| TEN | June 14, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $1,941,003.21 |
| ELEVEN | July 28, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $2,187,354.85 |

| COUNT | APPROXIMATE DATE | CHECK MAILED FROM | CHECK MAILED TO | AMOUNT OF MAILED CHECK |
|--------|------------------|-------------------|-----------------|------------------------|
| TWELVE | August 23, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $3,243,656.77 |
| THIRTEEN | September 20, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $3,312,410.70 |
| FOURTEEN | October 12, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $2,183,315.11 |
| FIFTEEN | November 1, 2006 | Aéropostale, Wayne, NJ | South Bay, Calverton, NY | $1,413,449.69 |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNTS SIXTEEN THROUGH TWENTY-SIX
### (Wire Fraud)

17.    The allegations contained in paragraphs 1 through 10 are realleged and incorporated as though fully set forth in this paragraph.

18.    In or about and between August 1996 and November 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER FINAZZO, DOUGLAS DEY and others, knowingly and intentionally devised a scheme and artifice to defraud Aéropostale and others and to obtain money and property from Aéropostale and others by means of materially false and fraudulent pretenses, representations and promises.

19.    On or about the dates set forth below, for the purpose of executing such scheme and artifice, the defendants CHRISTOPHER FINAZZO, DOUGLAS DEY and others, transmitted and

9

caused to be transmitted, by means of wire communication in
interstate commerce, writings, signs, signals, pictures and
sounds, as set forth below:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| SIXTEEN | June 9, 2005 | Wire transfer from Aéropostale (Citibank, Wayne, NJ) to South Bay (North Fork Bank, Southold, NY) in the amount of $1,966,548.37 caused by FINAZZO and DEY |
| SEVENTEEN | August 28, 2006, 11:59 am | Email from FINAZZO to an Aéropostale employee, whose identity is known to the Grand Jury, stating, "What is going on with the graphic tee reorders today.  Doug called saying we have not reordered anything yet this week.  Is [John Doe, an individual whose identity is known to the Grand Jury] still on vacation?  He needs to pay more attention!" |
| EIGHTEEN | September 12, 2006, 9:58 pm | Email from FINAZZO to an Aéropostale employee, whose identity is known to the Grand Jury, stating, "if I hear that [John Doe, an individual whose identity is known to the grand jury] is talking trash about southbay to other people in the company I will not tollerate [sic] that.  And I will be swift in my actions." |
| NINETEEN | September 22, 2006, 8:31 am | Email from FINAZZO to four Aéropostale employees, whose identities are known to the Grand Jury, regarding the direction of women's graphics where he states, "How was the meeting at southbay yesterday.? [sic]  The graphics business should be better, where is the graphics direction coming from.  We should be doing more business." |

| COUNT | DATE | DESCRIPTION |
|-------|------|-------------|
| TWENTY | September 22, 2006, 10:51 am | Email from FINAZZO to an Aéropostale employee, whose identity is known to the Grand Jury, stating, "I want to make southbay a greater partner for us and make use of what they can do." |
| TWENTY-ONE | September 25, 2006, 6:41 pm | Email from FINAZZO to DEY stating, "Doug the game plan is in full effect. See new womens [sic] graphics on friday." |
| TWENTY-TWO | October 21, 2006, 10:38 am | Email from FINAZZO to three Aéropostale employees, whose identities are known to the Grand Jury, stating, "I decided that as long as I'm here we will run the business as we started it with our key vendors. ... I will not cha,ge [sic] our vendor structure or the way we set up this business and I guess I can make that decision.  I want southbay to be the main t shirt supplier." |
| TWENTY-THREE | October 23, 2006, 6:16 pm | Email from FINAZZO to Aéropostale's General Counsel, whose identity is known to the Grand Jury, in which Finazzo states that DEY "has a majoir [sic] investment in Peru" and that DEY is "going to pay the 40,000" a year to export from Peru. |
| TWENTY-FOUR | November 1, 2006, 8:29 am | Email from DEY to FINAZZO attaching an Excel spreadsheet on fleece orders. |
| TWENTY-FIVE | November 1, 2006, 7:20 pm | Email from FINAZZO to an Aéropostale employee, whose identity is known to the Grand Jury, in which FINAZZO instructs her to "place the orders" with South Bay for fleeces. |
| TWENTY-SIX | November 7, 2006, 12:04 pm | Email from FINAZZO to Aéropostale's CEO, whose identity is known to the Grand Jury, in which FINAZZO asks for "approval to pay southbay early." |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNT TWENTY-SEVEN
(Money Laundering Conspiracy)

20.   The allegations contained in paragraphs 1 through 10 are realleged and incorporated as though fully set forth in this paragraph.

21.   In or about and between August 1996 and May 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER FINAZZO and DOUGLAS DEY, together with others, did knowingly and intentionally conspire to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which in fact involved the proceeds of mail fraud and wire fraud, contrary to Title 18, United States Code, Sections 1341 and 1343, while knowing that the property involved in such financial transactions represented proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, source, ownership, and control of such proceeds, contrary to Title 18, United States Code, Section 1956(a)(1).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

12

COUNT TWENTY-EIGHT
(False Statement in Report
Required to be Filed with the SEC)

22.   The allegations contained in paragraphs 1 through 10 are realleged and incorporated as though fully set forth in this paragraph.

23.   On or about May 15, 2006, within the Eastern District of New York, and elsewhere, the defendant CHRISTOPHER FINAZZO and others knowingly and willfully made and caused to be made a statement in Aéropostale's proxy statement on Schedule 14A, a report and document required to be filed with the SEC under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, which was false and misleading with respect to material facts in that: (a) it misstated FINAZZO's compensation for fiscal years 2003, 2004 and 2005 by failing to include more than $10 million that FINAZZO received from South Bay; and (b) it falsely stated that there were no Related Party Transactions, when in fact, FINAZZO had an arrangement with DEY to receive approximately fifty percent of South Bay's profits.

(Title 15, United States Code, Section 78ff(a) and Title 18, United States Code, Sections 2 and 3551 et seq.)

13

## CRIMINAL FORFEITURE ALLEGATION FOR
## COUNTS ONE THROUGH TWENTY-SIX AND COUNT TWENTY-EIGHT

24.   The United States hereby gives notice to the defendants CHRISTOPHER FINAZZO and DOUGLAS DEY that, upon their convictions of any of the offenses charged in Counts One through Twenty-Six and Count Twenty-Eight, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

25.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants CHRISTOPHER FINAZZO and DOUGLAS DEY:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

14

United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p)).

### CRIMINAL FORFEITURE ALLEGATION FOR COUNT TWENTY-SEVEN

26.   The United States hereby gives notice to the defendants CHRISTOPHER FINAZZO and DOUGLAS DEY that, upon their conviction of the offense charged in Count Twenty-Seven, the government will seek forfeiture in accordance with  Title 18, United States Code, Section 982(a), of any property involved in such offense, or any property traceable to such property.

27.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants CHRISTOPHER FINAZZO and DOUGLAS DEY:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

15

        e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 18, United States Code, Section 982).

                       A TRUE BILL

                              FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

16

## INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: **United States v. Christopher Finazzo and Douglas Dey**

2. Related Magistrate Docket Number(s):

   None ( X )

3. Arrest Dates: N/A

4. Nature of offense(s): ☒   Felony
   ☐   Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the
   Local E.D.N.Y. Division of Business Rules):

   _____

6. Projected Length of Trial:   Less than 6 weeks   (X)
   More than 6 weeks   ( )

7. County in which crime was allegedly committed:   Queens
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   ( X ) Yes  ( ) No

9. Have arrest warrants been ordered?   ( X ) Yes   ( ) No

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:   _____

Winston M. Paes
Assistant United States Attorney
718-254-6023

Rev. 3/22/01