# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

| | | |
|---|---|---|
| **Robert J.A. Zito**<br>Partner<br>•<br>*Direct Dial: 212-238-8768*<br>*E-mail: zito@clm.com* | *2 Wall Street*<br>*New York, NY 10005-2072*<br>•<br>*Tel (212) 732-3200*<br>*Fax (212) 732-3232* | *570 Lexington Avenue*<br>*New York, NY 10022-6856*<br>*(212) 371-2720* |

August 28, 2012

<u>VIA ECF</u>

The Honorable Robert N. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Christopher Finazzo and Douglas Dey*
                 10-cr-00457 (RRM) (RML)

Dear Judge Levy:

      We represent Mr. Finazzo in the above-referenced case and write in conjunction with counsel for Mr. Dey. We write in connection with the subpoena, dated December 14, 2011 (the "Subpoena") that was served upon Aéropostale, Inc. ("Aéropostale").

      Specifically, we request a conference and an evidentiary hearing in connection with the following matters: (a) whether Aéropostale has concluded its search for documents designated as Category 1 in the Subpoena, (b) whether Aéropostale has been diligent in searching for Category 1 documents, and particularly the documents that were maintained by Mr. Finazzo in his office, (c) the withholding by Aéropostale of various documents under the purported claim of privilege, (d) the redaction of Category 1 documents, and (e) the spoliation by Aéropostale of various Category 1 documents.

      For the Court's convenience, I enclose copies of the correspondence between the parties and the Subpoena.

                                              Respectfully submitted,

                                              */s/ Robert J.A. Zito*
                                              Robert J.A. Zito

cc:      All Counsel

# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

**Robert J.A. Zito**
**Partner**

*Direct Dial: 212-238-8768*
*E-mail: zito@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*

*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

August 24, 2012

**VIA EMAIL**

Jay Shapiro, Esq.
White & Williams, LLP
575 Madison Avenue
New York, NY 10022-2585

Re:   U.S. v. Finazzo and Dey

Dear Mr. Shapiro:

      We write in connection with the Subpoena, dated December 14, 2011, that was issued to Aéropostale, Inc. ("Aéropostale"). The Subpoena identifies two categories of documents to be produced. The first category of documents ("Category 1") calls for the production of: "All documents relating to the selection of the Vendors [as defined by the Subpoena] with respect to t-shirts and fleece products and the pricing of such products and services provided by the Vendors including, without limitation, quarterly finalization documents or reports, production worksheets, end-of-season velocity reports, and costing forms and worksheets."

      You have made various statements to the Court and counsel regarding the possession, custody and control of documents by Aéropostale that are responsive to Category 1. On February 17, 2012, when we appeared before Judge Levy, you told Judge Levy and counsel that Aéropostale no longer has any documents responsive to Category 1. On June 29, 2012, you produced five (5) documents that are responsive to Category 1.

      Please tell us whether Aéropostale has completed its search for the Category 1 documents. In addition, please provide us with a declaration of the document custodian that contains a detailed description of the search undertaken by Aéropostale to locate the Category 1 documents including, without limitation (a) the specific places searched (e.g. company hard drives and back-up tapes, the identity of the present and former employee offices and file cabinets, the secretarial stations and file cabinets, general file cabinets and storage facilities, etc.), and (b) the identity and addresses of Aéropostale employees who conducted the search. Finally, the declaration should specify when the Category 1 documents were destroyed and the reasons for and circumstances of such document destruction.

      As Aéropostale is well aware, Mr. Finazzo maintained extensive written notes and hard copies of numerous Category 1 documents in his office. He was not allowed to remove or

7068507.1

Jay Shapiro, Esq. -2-

safeguard such documents upon his termination of employment. Please indicate what efforts were made by Aéropostale to safeguard such documents and to locate them. If those documents were also destroyed, please indicate the date on which such documents were destroyed and the reasons for and circumstances of such destruction.

Sincerely,

*Robert J.A. Zito*

Robert J.A. Zito

RJAZ:ma
cc: T. Barry Kingham, Esq.
    AUSA Winston Paes and AUSA John Nowak

7068507.1



**Jay Shapiro**

One Penn Plaza | 250 W. 34th Street, Suite 4110 | New York, NY 10119-4115
Direct 212.714.3063 | Fax 212.631.1240
shapiroj@whiteandwilliams.com | whiteandwilliams.com

August 28, 2012

**VIA E-MAIL**

Robert J.A. Zito
Carter Ledyard & Milburn LLP
Two Wall Street
New York, New York 10005

    Re: United States v. Finazzo and Dey, CR 10-457 (RRM)

Dear Mr. Zito:

    I write on behalf of Aeropostale, Inc. in response to your letter of August 24, 2012, that was sent by e-mail with the subject matter "re spoilation [sic]." First, your inference about whether the production of five documents on June 29, 2012, in some way demonstrates an inconsistent position from that taken several months earlier before the Court is based upon a faulty premise. The five documents you reference were produced after Aeropostale agreed to stretch the meaning of your Category 1 documents beyond that definition which was discussed earlier in this matter. Quite simply, more than a benefit of the doubt was given to you in order to put to rest your quest for documents that you claimed satisfy the subpoena.

    Next, your request for information concerning what documentation was preserved after Mr. Finazzo's termination ignores the fact that there was never any request by you as his attorney to preserve any documents. Mr. Finazzo's decision to enter into a settlement with Aeropostale, Inc. in 2007 was made with you as his counsel and at no time did you ever raise any issue about preservation of documents. Nor did you make that request after you began to represent Mr. Finazzo during the Securities and Exchange Commission inquiry. Nor did you make that request after Mr. Finazzo was indicted.

    You refer to Mr. Finazzo's "extensive written notes and hard copies of numerous Category 1 documents" that supposedly were in his office after he was terminated. Your letter is the first mention of these documents, notwithstanding the numerous conferences that were held with the Court concerning the Subpoena.

Delaware | Massachusetts | New Jersey | New York | Pennsylvania
LIMITED LIABILITY PARTNERSHIP REGISTERED IN PENNSYLVANIA

9870719v.1

Case 1:10-cr-00457-RRM-RML   Document 141   Filed 08/28/12   Page 5 of 8 PageID #: 1928

Robert J.A. Zito
August 28, 2012
Page 2

      There is no reason for Aeropostale, Inc. to produce the verifications that you request in your letter. Your efforts to treat Aeropostale, Inc. as if it is a litigant in a civil action with Mr. Finazzo are misplaced in the current context. I suggest that if you have any requests about discovery you take them up with the United States Government.

Very truly yours,

WHITE AND WILLIAMS LLP

By: _____
    Jay Shapiro

JS:jf

cc:  Barry Kingham, Esq.
     Winston M. Paes
     Assistant U.S. Attorney
     Business and Securities Fraud
     United States Attorney's Office
     Eastern District of New York
     271 Cadman Plaza East
     Brooklyn, New York 11201

9870719v.1

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Christopher Finazzo and Douglas Dey | ) | Case No. CR 10-457 (RRM) |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   **Custodian of Records**
**Aéropostale, Inc.**
**112 W. 34th St., 22nd Fl.**
**New York, NY 10120**

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | **United States Courthouse** | Courtroom No.: **11B (South)** |
|---|---|---|
| | **225 Cadman Plaza East** | |
| | **New York, NY 11201** | Date and Time: **As Ordered by the Court** |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*: **SEE ATTACHED SCHEDULE A.**

**DOCUMENTS SHALL BE PRODUCED ON OR BEFORE JANUARY 15, 2012.**

SO ORDERED:

*Robert Levy*
U.S.M.J.

(SEAL)

Date: 12/14/11

CLERK OF COURT  DOUGLAS C. PALMER

*[signature]*
Signature of Clerk or Deputy Clerk

This name, address, e-mail and telephone number of the attorney representing *(name of party)* Christopher Finazzo _____, who requests this subpoena, are:

Robert J.A. Zito, Carter Ledyard & Milburn, LLP, 2 Wall Street, New York, NY 10005, zito@clm.com (212) 239-8768.

6878169.7

Case No.  CR 10-457 (RRM)

## PROOF OF SERVICE

    This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____
_____

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## SCHEDULE A

### Definitions and Instructions

1. The term "Aéropostale" includes the Aéropostale, Inc. and any of its predecessors, successors, parents, subsidiaries and affiliates, and any entity in which either Aéropostale owns an ownership interest, directly or indirectly, and any other entity over which Aéropostale may control.

2. The term "Vendor" shall mean South Bay Apparel, Inc. ("South Bay"), Mias Fashion, MFG, Inc., Loyaltex Apparel Ltd., Niteks Textile, Inc., Ms. Bubbles, Inc., Triple Jewelry Corp. or Inc., "Gim Li" Corp., Ltd., or Inc., Triple Accessories, Inc., Passport Accessories Inc., and any other entity that provided or supplied or bid for t-shirts and/or fleece merchandise, each a "Vendor."

3. With respect to any document that is subject to a claim of privilege or attorney work product, state the nature of the privilege claimed and the basis for claiming such privilege.

4. The relevant time period is January 1, 2002 to July 31, 2007.

5. The obligation to produce documents pursuant to this Subpoena is continuing and includes documents acquired or discovered subsequent to your initial response to this Subpoena.

### Documents Requested

1. All documents relating to the selection of the Vendors with respect to t-shirts and fleece products and the pricing of such products and services provided by the Vendors including, without limitation, quarterly finalization documents or reports, production worksheets, end-of-season velocity reports, and costing forms and worksheets.

2. All e-mails (in searchable and native format including metadata) concerning pricing of t-shirts and fleece merchandise and the selection and approval of Vendors, of the following Aéropostale employees: Jason Ambrose, Tom Carberry, Stacey Davis, Susanna East, Julian Geiger, Megan Hlavac, Jill Kronenberg, Andrew Liebowitz, Michael Lynch, Shirley Rodriguez and Doris Wilshire.