UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

    - against -

CHRISTOPHER FINAZZO and
DOUGLAS DEY,
              Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER
ON EXPERT DISCLOSURE**
10-CR-457 (RRM)(RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

Before the court is the Defendant Christopher Finazzo's request asking for a determination as to whether he is obligated to disclose potential expert testimony to the government under Fed. R. Crim. P. 16. (Doc. No. 150.) For the reasons that follow, Finazzo is ordered to disclose potential expert testimony pursuant to Rule 16(b)(1)(C).

## BACKGROUND

The court assumes the parties' familiarity with the factual background and procedural history of the case, and will address only those aspects that are relevant to the instant request. On June 2010, counsel for Finazzo's co-defendant, Douglas Dey, requested from the government "a written summary of any expert testimony that the government intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence, or other rules pertaining to expert-witness testimony, during its case-in-chief at trial." (Ex. A to Def.'s Oct. 1, 2012 Letter Request (Doc. No. 150) at 7.) On June 28, 2010, the attorney for the government wrote to Finazzo's counsel and stated, "the government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion." (Ex. B to Def.'s Oct. 1, 2012 Letter Request at 4.)

At a pre-trial conference on August 30, 2012, the court set a deadline of October 1, 2012 for the parties to make expert disclosures. (*See* Minute Entry Aug. 30, 2012.) On September 11, 2012, counsel for Dey wrote to counsel for the government and asked him to notify him whether the government intended to call an expert witness at trial, and reminded him of the government's disclosure obligations under Rule 16(a)(1)(G). As of October 1, 2012, the government had not provided any expert disclosures to Finazzo. Finazzo wrote to the court seeking the instant clarification. He noted that the government had not provided expert disclosures, and therefore, Finazzo was under no obligation to meet the court's October 1, 2012 deadline for doing so himself. (*See* Def.'s Oct. 1, 2012 Letter at 1.) In response to Finazzo's clarification request, the government answered that it did not intend to call any expert witnesses in its case-in-chief. (Govt.'s Oct. 5, 2012 Letter (Doc. No. 154) at 1.) The government then requested that the court order Finazzo to provide his expert disclosures to the government. (*Id*. at 2.) Finazzo countered that, despite the government disclosing that it did not intend to call an expert witness at trial, he is under no reciprocal obligation to provide expert disclosures to the government. (*See* Def.'s Oct. 8, 2012 Letter (Doc. No. 155) at 2.)

**DISCUSSION**

Federal Rule of Criminal Procedure 16 governs the disclosure and use of expert testimony in a criminal case. The rule provides, in pertinent part:

    (a) Government's Disclosure
        (1) Information Subject to Disclosure

            * * *

        (G) Expert Witnesses. At the defendant's request, the government
        must give to the defendant a written summary of any testimony
        that the government intends to use under Rules 702, 703, or 705 of
        the Federal Rules of Evidence during its case-in-chief at trial. . . .
        The summary provided under this subparagraph must describe the

> witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.
>
> * * *
>
> (b) Defendant's Disclosure
>    (1) Information Subject to Disclosure
>       (C) Expert Witnesses. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—
>          (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; . . . .

Fed. R. Crim. P. 16. There is no dispute that the government met the requirements of Rule 16(a)(1)(G). Finazzo requested a summary of expert testimony that the government intended to offer at trial. The government responded that it did not intend to call an expert witness in its case-in-chief. The only dispute is whether the government's response satisfies subsection (b)(1)(C)(i) of Rule 16, which requires Finazzo to provide expert disclosures to the government at its request so long as Finazzo requested disclosure under Rule 16(a)(1)(G) "and *the government complie[d]*."

Finazzo argues that the government's response does not trigger his obligation to provide expert disclosures because the government's response is essentially a non-response. As he contends, "[T]he only kind of government compliance that enables the defense to be specific about its own expert testimony prior to trial is identification of government witness's testimony." (Def.'s Oct. 8, 2012 Letter at 2.) Thus, Finazzo argues that he must actually *receive* expert disclosures from the government before he has to reciprocate. He further contends that, without knowledge of the nature of the government's case-in-chief, "a statement from the government that it will not offer a particular kind of testimony hardly provides the defense with the kind of

3

information it needs to shape its case," *i.e.*, determine whether and what kind of expert testimony he will put on at trial. (Def.'s Oct. 8, 2012 Letter at 2.)

In response, the government points to *United States v. Rajaratnam*, No. 09-CR-1184(RJH), 2011 WL 723530 (S.D.N.Y. Feb. 25, 2011), where Judge Holwell decided the very question presented here. The Court finds Judge Holwell's reasoning persuasive.

In *Rajaratnam*, the court rejected the argument Finazzo makes here based in part on the plain language of Rule 16. Relying on the maxim that "identical words used in different parts of the same act are intended to have the same meaning," Judge Holwell reasoned that "comply" must mean the same thing in Rule 16(b)(1)(C)(i) and 16(d)(2), which provides that "if a party fails to comply with this rule," the court may impose sanctions. *Id*. at *2-3. If the term "comply" meant, in both provisions of Rule 16, that the government must actually disclose expert testimony, then the government representing that it had no experts would be sanctionable under 16(d)(2). Such a result would be absurd. Moreover, it would be incorrect to interpret "comply," in 16(b)(1)(C)(i), to mean *only* that the government must actually disclose expert testimony, and in 16(d)(2), to mean that "either that the government actually discloses expert testimony *or* that the government represents that it has no experts." *Id*. at *3 (italics in original). As such, Judge Holwell concluded that "comply" must mean – in both 16(b)(1)(C)(i) and 16(d)(2) – *either* that the government fully discloses its expert testimony *or* that it represents that it has no experts. Such an interpretation is consistent with the maxim to interpret identical words in different parts of a rule consistently, and such interpretation avoids absurd results. *Id*. at *2-3.

Furthermore, Judge Holwell relied upon the purpose of Rule 16 in reaching his conclusion. He reasoned that "the purpose of reciprocal expert disclosures is 'to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances,

and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *Id*. at *3 (quoting Fed. R. Crim. P. 16, 1993 Amend., Advisory Cmte. Note). By disclosing to the defendant that it did not intend to call an expert witness, the defendant learned "a valuable insight into the government's trial strategy," and the purpose of Rule 16 was met. *Rajaratnam*, 2011 WL 723530, at *3.

Finally, Judge Holwell rejected the defendant's argument that he could not decide what expert testimony he intended to rely upon at trial without any knowledge of the government's case, an argument Finazzo also advances here. The court found this argument lacking any constitutional basis or foundation in the Rule itself. Furthermore, Judge Holwell reasoned that "a defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case [to] the defendant's satisfaction." *Id*. at *5.

This court finds Finazzo's arguments aimed at undermining *Rajartnam* unavailing. Finazzo argues, and the court freely recognizes, that *Rajaratnam* is not binding. Second, he argues that its reasoning is not persuasive because the court relied too heavily on the maxim of statutory construction that "identical words used in different parts of the same act are intended to have the same meaning." *Rajaratnam*, 2011 WL 723530 at *2. This maxim "is not rigid," and "the meaning [of the same words] well may vary to meet the purposes of the law." *United States v. Cleveland Indians Baseball Co*., 532 U.S. 200, 213 (2001). While Finazzo is certainly correct that the maxim relied upon by Judge Holwell does not apply in all cases, the court provided additional reasoning to support its holding: as discussed above, the purpose of Rule 16 squarely supports the *Rajaratnam* holding.

5

It is true that the court in *United States v. Young*, No. 09-CR-140, 2010 WL 1418748 (D. Me. Apr. 6, 2010) reached a contrary result, relying on the premise that the "spirit" of Rule 16 is that "discovery is reciprocal." *Id*. at *2. Forcing the defendant to provide expert disclosures where the government has elected not to call an expert witness, the court reasoned, renders the discovery "no longer reciprocal; it is one-sided with the defense disclosing to the government what the government did not disclose to the defense. This result casts a shadow over the defendant's right against self-incrimination, his right to counsel, and work product doctrine." *Id*. Like the *Young* court, Finazzo raises the specter of constitutional problems – namely, a due process one – with requiring the defendant to disclose expert witnesses when the government has decided not to call an expert witness.

But neither *Young* nor Finazzo cite any authority for the proposition that requiring disclosure here infringes upon Finazzo's due process rights. Finazzo contends that requiring him to disclose expert witnesses violates his due process rights because he cannot anticipate how the government will try to prove its case, and thus cannot be expected to disclose expert witnesses that would aid in his rebuttal. But this argument is a red herring. Finazzo has learned what he is entitled to learn under Rule 16 regarding expert witnesses: that the government will not call one. He does not have a freestanding due process right to learn how the government will prove its case, and Finazzo's obligation to disclose how he may structure his defense – with an expert or without – is triggered by learning exactly what Rule 16 entitles him to learn – that the government will not prove its case with the use of expert testimony. The due process clause requires nothing more.

Finazzo cannot use Rule 16 as both a sword and a shield. The Advisory Committee recognized that requiring a defendant to provide any discovery raises "constitutional problems."

6

But the Committee dealt "with these problems by having the defendant trigger the discovery procedures." Fed. R. Crim. P. 16, 1975 Amend., Advisory Cmte. Note B. Finazzo availed himself of that trigger when he asked the government whether it intended to call an expert witness. It is the question, not the answer, which triggers the reciprocal obligation.

Finazzo's reliance on a particular Advisory Committee note is also unavailing. It states, "If the defendant requires and receives certain items from the government, then the government is entitled to get similar items from the defendant." Fed. R. Crim. P. 16, 1975 Amend., Advisory Cmte. Note. This note pertains to discovery under Rule 16 in general, not specifically to expert disclosures. In fact, the Advisory Committee note could not have referred to expert disclosures because in 1975, Rule 16 contained no provisions regarding expert disclosures. *See* Fed. R. Crim. P. 16, 1993 Amend., Advisory Cmte Note ("*New* subdivisions (a)(1)(E) and (b)(1)(C) expand federal criminal discovery be requiring disclosure of the intent to rely on expert opinion testimony.") (emphasis added). Instead, the Advisory Committee supplemented the meaning of the expert disclosure provisions in 1993 when it adopted them. They, like other provisions of Rule 16, have the defendant trigger the disclosures. Subsection (a)(1)(G) "requires the government to disclose information regarding its expert witnesses if the defendant first requests the information. Once the requested information is provided, the government is entitled, under (b)(1)(C) to reciprocal discovery of the same information from the defendant." *Id*. Nothing about the Committee's understanding of how Rule 16(a)(1)(G) and (b)(1)(C) function undercuts the Court's conclusion here.

## CONCLUSION

For the foregoing reasons, the court hereby orders Finazzo to comply with expert disclosure requirements under Rule 16(b)(1)(C) by March 1, 2013.

SO ORDERED.

Dated: Brooklyn, New York
February 19, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge