# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

ALMATY
ASHGABAT
ASTANA
BUENOS AIRES
DUBAI
FRANKFURT
HOUSTON
ISTANBUL
KUWAIT CITY
LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

WRITER'S DIRECT:
TEL.: 212-696-6046
E-MAIL: bkingham@curtis.com
FACSIMILE: 917-368-8946

August 22, 2013

**BY HAND AND ECF**

Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Finazzo and Dey*
*Cr. No. 10-457 (S-2) (RRM)*

Dear Judge Mauskopf:

As counsel for defendant Douglas Dey, I write to request a conference with the Court to address issues relating to Mr. Dey's sentencing, scheduled for November 5, 2013. Mr. Dey pleaded guilty on September 27, 2012 to Count One of the Second Superseding Indictment, conspiracy to violate the Travel Act, for which the underlying offense is Commercial Bribing in the Second Degree, a misdemeanor violation of New York Penal Law Section 180.00.

The Court has now received the Pre-sentence Investigation Report ("PSR"), as well as the timely filed objections of the defendant and responses of the government. The objections and responses reflect significant legal and factual differences that affect the sentencing process, the most serious of which is the issue of restitution.

As reflected in the objections, the defendant's position as to restitution is as follows:

1. Restitution is not required under 18 U.S.C. §3663A or permitted under Section 3663 because Aéropostale is not a "victim" as defined by the statute. Specifically, Aéropostale was not "directly and proximately harmed as a result of the commission of the offense" to which Mr. Dey pleaded guilty.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Hon. Roslynn R. Mauskopf
August 22, 2013
Page 2

      2.      Restitution is not required under Section 3663A because the offense to which Mr. Dey pleaded guilty is not an "offense against property" under Section 3663A(c)(1)(A)(ii).

      3.      Even if restitution is required or permitted as a matter of law, the government cannot establish an amount of actual loss incurred by Aéropostale caused by Mr. Dey's offense as required by Section 3664(e).

As reflected in its responses, the government's position is that restitution is required and permitted and that Aéropostale incurred an actual loss that the government intends to prove.

Accordingly, we request a conference with the Court in the near future to discuss a briefing schedule as to the legal issues and a schedule for an evidentiary hearing as to "actual loss" depending upon the Court's ruling on the legal issues. We hope that the restitution issue can be resolved well in advance of sentencing on November 5.

Respectfully,

T. Barry Kingham

cc:    AUSA Winston Paes (via e-mail)