Robert J.A. Zito (RZ-6990)
Alan S. Lewis (AL-2828)
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, NY 10005
Tel.: (212) 732-3200

*Attorneys for Defendant Christopher Finazzo*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-

CHRISTOPHER FINAZZO,

       Defendant.

-----------------------------------------------------------X

Cr. No. 10-457 (RRM)

## SUPPLEMENTAL OBJECTION TO PRESENTENCE REPORT OF CHRISTOPHER FINAZZO

Christopher Finazzo, by his attorneys, Carter Ledyard & Milburn, LLP, makes this supplemental objection to the Presentence Investigation Report (the "PSR"). In this objection, we raise the same issue about the applicability of 18 U.S.C. § 3571(d) recently raised by Mr. Dey (*see* Documents # 349 and 351).

### Objection to Paragraph 109 of the PSR

Citing Section 3571(d), the PSR contends that "[t]he maximum fine for Count 1 is $53,872,414.48." Respectfully, this is incorrect. As explained below, Section 3571(d) cannot be applied here without contravening controlling Supreme Court and Second Circuit authority.

Section 3571(d) permits a fine above the ordinary statutory maximum of $250,000, up to twice the amount of the gross gain or loss. Accordingly, the facts which must be proved in order to trigger Section 3571(d) are the existence of a gain or loss *and* its amount.

Importantly, the amount of that gain or loss must be proved to a jury, beyond a reasonable doubt. It has not been. In its special verdict, the jury did not determine any amount of gain or loss. And in rendering its forfeiture verdict, the jury did not make any findings by a reasonable doubt standard. Thus, simply put, the jury never determined the amount of any gain or loss to Mr. Finazzo (or caused by him) by a reasonable doubt standard.

The Probation Department's position apparently asks that Section 3571(d) be applied based on either judicial fact-finding as to amount or on the forfeiture verdict (which applied a preponderance standard). That position contravenes the Supreme Court's *Apprendi* doctrine and Second Circuit cases applying *Apprendi*. "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). This constitutional requirement applies to the determination of the maximum statutory criminal fine. *S. Union Co. v. United States*, 132 S. Ct. 2344, 2350-51 (2012). The "statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

Thus, in the absence of a jury determination as to the amount of a gain or loss, that was based upon a reasonable doubt standard (or an admission of gain or loss amount by the defendant) a fine in excess of the statutory maximum under Section 3571 (b), (c) or (e) is not permitted. *United States v. Pfaff*, 619 F.3d 172, 175 (2d Cir. 2010) (applying *Apprendi* to

imposition of fines); *see also United States v. Coplan*, 703 F. 3d 46, 94-95 (2d Cir. 2012) (same). Here, the jury never found the amount of Mr. Finazzo's gain or Aéropostale's purported loss by the standard of beyond a reasonable doubt. Accordingly, the statutory maximum fine is limited to $250,000, pursuant to 18 U.S.C. § 3571(b)(3).

Dated: New York, New York
       January 31, 2014

                                  Respectfully submitted,

                                  CARTER LEDYARD & MILBURN, LLP

By: _____
           Alan Lewis
           Two Wall Street
           New York, NY 10005
           (212) 732-3200

           *Attorneys for Christopher Finazzo*

Robert J.A. Zito (RZ-6990)
Alan S. Lewis (AL-2828)
CARTER LEDYARD & MILBURN LLP
Two Wall Street
New York, NY 10005
Tel.: (212) 732-3200

*Attorneys for Defendant Christopher Finazzo*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA        :     Cr. No. 10-457 (RRM)

-against-

CHRISTOPHER FINAZZO,

                 Defendant.

-------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       I hereby certify that on January 31, 2014, the foregoing Supplemental Objection on Behalf of Defendant Christopher Finazzo to the Presentence Report was filed with the Clerk of the Court and served via e-mail in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Winston M. Paes
Eastern District of New York
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, New York 11201

Angelica Deniz
United States Probation Officer
United States Probation Department
147 Pierrepont Street
Brooklyn New York 11201

*/s/ Alan S. Lewis*
_____
Alan S. Lewis