

U.S. Department of Justice

United States Attorney
Eastern District of New York

WMP
F. #2009R00374

271 Cadman Plaza East
Brooklyn, New York 11201

June 24, 2014

**By ECF**

The Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Christopher Finazzo
     <u>Criminal Docket No. 10-457 (RRM)</u>

Dear Judge Mauskopf:

   The government writes in response to the defendant Christopher Finazzo's supplemental sentencing letter, dated June 6, 2014 (docket entry no. 370), which contends that the jury's special verdict as to Count 1(a) – that Finazzo intended to deprive Aéropostale of money – does not support a finding of "actual loss" under § 2B1.1 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Finazzo's reasoning in support of his argument is flawed and should be rejected.

   It is ironic that after extolling, in prior submissions, the importance of the jury's special finding on Counts Two through Sixteen that Finazzo did not intend to deprive Aéropostale of money,[1] Finazzo now attempts to devalue the jury's special finding on Count 1(a) – conspiracy to commit mail fraud – that Finazzo did intend to deprive Aéropostale of money. In light of the predicament that Finazzo now finds himself, based on his own prior arguments, Finazzo resorts to imposing artificial and non-binding boundaries on the Court's ability to calculate loss under the Guidelines.

---

[1] <u>See</u> <u>e.g.</u>, Finazzo's Sentencing Memorandum, dated November 7, 2013 (docket entry no. 331), page 18 (". . . there is no tangible pecuniary harm that is measurable in money. Indeed, the jury here rejected the charge that Mr. Finazzo so much as intended to deprive Aéropostale of money by committing his acts of mail and wire fraud."); Finazzo's Memorandum with respect to Restitution, dated November 7, 2013 (docket entry no. 329), pages 1, 5-6 ("The jury's specific finding that Mr. Finazzo did not intend to deprive Aéropostale of tangible money or property highlight's the government's failure to prove actual harm.")

Hon. Roslynn R. Mauskopf
June 24, 2014
Page 2

<u>First</u>, Finazzo improperly proceeds as though the Court has already ruled that it will not consider "intended loss" as a measure of loss under the Guidelines. In support of this assumption, Finazzo states that paragraph 20 of the PSR provides that an "intended loss determination [is] impossible in the instant offense." In reliance of this statement, Finazzo then leaps to the assertion that "the parties have therefore focused on actual loss," and cites to a portion of the Court's statement at the January 14, 2014 proceeding to bolster this conclusion (specifically, "we all agree that . . . a guideline calculation of loss and fixing restitution requires actual pecuniary harm").

As an initial matter, the complete sentence in the PSR that Finazzo relies on states: "The amount of variables in the wholesale apparel market, as well as the amorphous and speculative nature of <u>quantifying</u> the specific losses suffered by the companies involved, makes an actual or intended loss determination impossible in the instant offense." (PSR ¶ 20) (emphasis added). A complete reading of that sentence and paragraph make clear that this statement was made in the context of the Probation Department's finding of actual and intended loss and its decision therefore to use gain as an alternative measure of loss because it found it impossible to <u>quantify</u> the actual or intended loss. (<u>Id</u>.). It is clear that Finazzo's opposes the Probation Department's analyses in this paragraph. Thus, Finazzo's attempt to nonetheless use a fragment of this sentence in support of his untenable position is inapt.

Additionally, Finazzo's use of the Court's statement, out of context, to similarly bolster his argument that the Court has moved past "intended loss" as a means of calculating loss under the Guidelines should also be rejected. A complete reading of the Court's statement, in proper context, makes it clear that the Court was not ruling on rejecting the use of intended loss as a means of calculating loss under the Guidelines. Rather, the Court was stating a simple and undisputed fact – that "a guidelines calculation of loss **and** fixing restitution requires actual pecuniary harm." (emphasis added). Indeed, right from the beginning, the government has argued that the Court could truncate its analyses for calculating (1) the Guidelines loss, and (2) the restitution owed to Aéropostale, by looking solely at actual loss.[2] Because the government contended it had proven actual loss in this case, by a preponderance of the evidence standard, it

---

[2] <u>See</u> <u>e.g.</u>, Government's sentencing letter, dated November 14, 2013 (docket entry no. 334), page 4 ("The record is inundated with examples of how Finazzo not only intended loss, but caused actual loss, to Aéropostale by favoring Dey and South Bay, and in turn, increased his kickback payments."); Government's sentencing letter, dated March 10, 2014 (docket entry no. 360), page 2 ("The government, in its arguments in prior submissions and at oral arguments, has been steadfast in asserting that there is ample evidence in the record that demonstrates that Aéropostale suffered actual pecuniary harm in the amount of $25,790,822.94. Consequently, it has argued that the Court use that pecuniary harm, which is necessary for an order of restitution, as the basis of the 22-point enhancement for loss under the Guidelines. The government maintains that position. Nonetheless, there is no dispute that loss under the Guidelines has a lower and different standard than calculating loss for purposes of restitution.").

Hon. Roslynn R. Mauskopf
June 24, 2014
Page 3

submitted that this type of loss, essential for restitution but not essential for Guidelines loss, allowed the Court to find both Guidelines loss and restitution through one method. Importantly, a complete reading of the Court's statements make it evident that the Court was discussing Guidelines loss and restitution in tandem and in the context of the Zangari case, and not espousing its views on dismissing intended loss as an option for calculating loss under the Guidelines. (Transcript of the January 14, 2014 Proceeding, p. 13). Thus, Finazzo's attempts to obfuscate the issues and proceed as though the Court has already ruled that it will not consider "intended loss" as a measure of loss under the Guidelines should be rejected.

Second, Finazzo's next argument explains why he needed to proceed as though intended loss was no longer an option to calculate loss under the Guidelines. Finazzo contends that the jury's special finding on Count 1(a) – conspiracy to commit mail fraud – that Finazzo did intend to deprive Aéropostale of money, "cannot be the basis of a finding of actual pecuniary loss."[3] The government agrees that the jury's special finding cannot be the "basis" of a finding of actual pecuniary harm. But it can certainly "support" such a finding, especially where there is clearly-established loss. More importantly, for purposes of calculating loss under the Guidelines, Finazzo's reliance on the jury's special verdict for his arguments have now left him in the untenable position of evading the following question: why shouldn't a jury finding that Finazzo intended to deprive Aéropostale of money be determinative of the finding of "intended loss," if not "actual loss," by Finazzo under the Guidelines.

As the government has demonstrated in previous submissions, the above arguments are ultimately unnecessary because it has proven, by a preponderance of the evidence standard, that Aéropostale suffered actual pecuniary harm in the amount of $25,790,822.94, and that this amount can be used for loss under the Guidelines and for determining restitution.[4]

---

[3] As the government has previously stated, the Court should find loss under the Guidelines and restitution based on its own independent analyses, and while it can consider the jury verdict, it is not determinative (even where this verdict benefits the government).

[4] Finazzo also argues in favor of his theory of grouping under the Guidelines. The government has previously addressed this issue and does not believe Finazzo's new arguments merit an additional response. (See Government's sentencing letter, dated February 10, 2014 (docket entry no. 355); Government's sentencing letter, dated March 10, 2014 (docket entry no. 360).

Hon. Roslynn R. Mauskopf
June 24, 2014
Page 4

        Based on the foregoing, the government submits that Finazzo's arguments are without merit and should be rejected.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York

By:    /s/
        Winston M. Paes
        Assistant U.S. Attorney
        (718) 254-6023

Cc:    Clerk of the Court (RRM) (By ECF)
       Defense Counsel (By ECF)