UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

        v.

CHRISTOPHER FINAZZO,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CR-457 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On April 25, 2013, a jury convicted Christopher Finazzo ("Defendant") of one count of Conspiracy to Commit Mail Fraud and Wire Fraud and Conspiracy to Violate the Travel Act, in violation of 18 U.S.C. § 371; fourteen counts of Mail Fraud, in violation of 18 U.S.C. § 1341; and one count of Wire Fraud, in violation of 18 U.S.C. § 1343. On January 30, 2019, the Court entered a Second Amended Judgment sentencing Defendant on Counts One through Sixteen of the Second Superseding Indictment. On November 10, 2023, Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255. On October 16, 2024, the Court vacated the Second Amended Judgment. The Court now resentences Defendant to time served; restitution in the amount of $13,690,822.94 to Aéropostale, without interest, jointly and severally with co-defendant Douglas Dey; forfeiture of $7,547,159.92, including but not limited to the 2014 Specific Assets; and a $100.00 mandatory special assessment.

    **I.**    **Background**

On September 6, 2011, a grand jury returned a seventeen-count Second Superseding Indictment against Defendant and his co-defendant Douglas Dey (collectively, the "Defendants"), alleging they devised a scheme to defraud Aéropostale, Inc. ("Aéropostale") and obtain the company's money and property. Second Superseding Indictment, ECF No. 62. The Second Superseding Indictment charged Defendant with: (1) Conspiracy to Commit Mail and Wire Fraud and Conspiracy to Violate the Travel Act, in violation of 18 U.S.C. § 371 (Count 1); (2) Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts 2-15); (3) Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 16); and (4) False Statement Filed in Report Required to be Filed with the SEC, in violation of 15 U.S.C. § 78ff(a). *Id.*

1

On April 25, 2013, Defendant was convicted by a United States jury on Counts One through Sixteen. Jury Verdict, ECF No. 260. The jury convicted Defendant on Count One based on agreements to (a) commit mail fraud with an intent to deprive Aéropostale of money and its right-to-control the use of its assets; (b) commit wire fraud with an intent to deprive Aéropostale of its right-to-control the use of its assets (but not an intent to deprive Aéropostale of money); and (c) violate the Travel Act. *Id.* at 2. The jury convicted Defendant on Counts Two through Sixteen based on an intent to deprive Aéropostale of its right-to-control the use of its assets (but not an intent to deprive Aéropostale of money). *Id.* at 2–9.

On November 12, 2014, the Court sentenced Defendant to five years' imprisonment on Count One and eight years' imprisonment on each of Counts Two through Sixteen, with the sentences to run concurrently to each other; followed by three years' supervised release; restitution in the amount of $13,690,822.94, jointly and severally with co-defendant Dey; forfeiture in the amount of $25,790,922.94 (the "2014 Forfeiture Money Judgment") and certain specific assets (the "2014 Specific Assets"); and a mandatory $1,600.00 assessment.[1] Amended Judgment, ECF No. 428; Final Order of Forfeiture, ECF No. 428-1. On November 21, 2014, Defendant appealed his conviction, sentence, and the restitution order. Amended Notice of Appeal, ECF No. 430.

On March 7, 2017, the United States Court of Appeals for the Second Circuit affirmed Defendant's conviction but remanded the action for a new restitution calculation. Order of USCA, ECF No. 463.

---

[1] The Court sentenced Defendant on August 20, 2014, and the Judgment was entered on August 27, 2014. ECF No. 388. The Court entered the Amended Judgment to correct a clerical error involving the lump sum payment.

On January 30, 2019, the Court entered a Second Amended Judgment. Second Am. J., ECF No. 511. The Court sentenced Defendant to the same terms of imprisonment and supervised release, and recalculated restitution. *Id.*; Order of Restitution, ECF 511-2; Final Order of Forfeiture, ECF No. 511-1.

**II.   Analysis**

On May 11, 2023, the Supreme Court held in *Ciminelli v. United States* that "the right to control theory cannot form the basis for a conviction under the federal fraud statutes." 598 U.S. 306, 316 (2023). On November 10, 2023, in light of the Supreme Court's decision in *Ciminelli*, Defendant filed an amended motion to vacate his sentence under 28 U.S.C. § 2255. Def. Am. Mot. to Vacate Sentence, ECF No. 626. Defendant requested the Court vacate his convictions on Counts Two through Sixteen, vacate portions of his conviction on Count One, resentence him on Count One, and dismiss Counts Two through Sixteen. *Id.*

On October 11, 2024, the parties filed a Joint Stipulation and Order resolving Defendant's amended 28 U.S.C. § 2255 petition. ECF No. 648. The parties requested the Court: (1) vacate the Second Amended Judgment; (2) dismiss Counts Two through Sixteen of the Second Superseding Indictment in light of *Ciminelli*; and (3) resentence Defendant on Count One based on the jury's finding of agreements (i) to commit mail fraud with an intent to deprive Aéropostale of money and (ii) to violate the Travel Act; and (4) resentence Defendant on Count One to time served and (i) restitution to Aéropostale in the amount of $13,690,822.94 without interest, jointly and severally with co-defendant Dey, (ii) forfeiture in the amount of $7,547,159.92 and the 2014 Specific Assets, and (iii) a special assessment of $100.00. *Id.* The same day, this Court granted the parties' Joint Stipulation and Order. ECF No. 649. On October 16, 2024, the Court vacated the Second Amended Judgment. ECF No. 650.

3

The Court now resentences Defendant on Count One (Conspiracy to Commit Mail Fraud and Wire Fraud and Conspiracy to Violate the Travel Act). The Court resentences Defendant based on the jury's finding of an agreement to commit mail fraud with an intent to deprive Aéropostale of money and an agreement to violate the Travel Act.

### III. Conclusion

The Court resentences Defendant to time served; restitution to Aéropostale in the amount of $13,690,822.94, without interest, jointly and severally with co-defendant Douglas Dey; forfeiture in the amount of $7,547,159.92 and the 2014 Specific Assets; and a $100.00 mandatory special assessment.

This sentence is sufficient but not greater than necessary to accomplish the purposes of Section 3553. The Court also expressly adopts the factual findings of the Presentence Investigation Report and Addenda thereto, barring any errors contained therein and to the extent they are not inconsistent with the Court's sentence.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2025
       Brooklyn, New York